Randall T. Garteiser (CA State Bar No. 231821)
    rgarteiser@ghiplaw.com
Christopher A. Honea (CA State Bar No. 232473)
    chonea@ghiplaw.com
GARTEISER HONEA – IP TRIAL BOUTIQUE
795 Folsom St., Floor 1, San Francisco, CA  94107
119 W Ferguson, Tyler, TX  75702
Telephone: (888) 908-4400

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELECTRONIC EDISON TRANSMISSION TECHNOLOGIES, LLC** <br><br> Plaintiff, <br><br> v. <br><br> **BELKIN INTERNATIONAL, INC.,** <br> Defendants. | **Case No. 2:24-cv-10896** <br><br> **Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Electronic Edison Transmission Technologies, LLC ("Plaintiff" and/or "EETT") files this complaint against Belkin International, Inc., ("Defendant" and/or "Belkin") for infringement of U.S. Patent Nos. 9,448,603 ("the '603 Patent"), and alleges as follows:

## PARTIES

1. Plaintiff is a Wyoming company having its principal place of business in Cheyenne, Wyoming.

2. Upon information and belief, Defendant is a Delaware limited liability

company with a principal place of business at 555 Aviation Boulevard, Suite 180, El Segundo, CA 90245. Upon information and belief, Belkin does business in this District, directly or through intermediaries. Belkin may be served with process via its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. Plaintiff is seeking damages, as well as attorney fees and costs.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5. This Court has personal jurisdiction over Defendants. Defendants have continuous and systematic business contacts with the State. Defendants transact business within this District. Further, this Court has personal jurisdiction over Defendants based on its commission of one or more acts of infringement of Patents in this District and elsewhere in the State.

6. More specifically, Defendants, directly and/or through intermediaries, ship, distribute, use, offer for sale, sell, and/or advertise products and services in the United States, the State of California, and the Central District of California including but not limited to the Products as detailed below. Upon information and belief, Defendants have committed patent infringement in the State of California and in the Central District of California. Defendants solicit and have solicited customers in the

State of California and in the Central District of California. Defendants have paying customers, who are residents of the State of California and the Central District of California, who each use and have used the Defendants' products and services in the State of California and in the Central District of California.

7. On information and belief, Defendants maintain physical brick-and-mortar business locations in the State and within this District, retains employees specifically in this District for the purpose of servicing customers in this District, and generates substantial revenues from its business activities in this District.

8. Venue is also proper in this district as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b). As noted above, Defendant maintains a regular and established business presence in this District at 555 Aviation Boulevard, Suite 180, El Segundo, CA 90245.

### PATENT-IN-SUIT

9. Plaintiff is the sole and exclusive owner, by assignment, of the '603 Patent.

10. On September 20, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '603 Patent, entitled "Transferring Power to a Mobile Device." The '603 Patent is attached as Exhibit A.

11. Plaintiff possesses all rights of recovery under the '603 Patent, including the exclusive right to recover for past, present and future infringement.

12. The '603 Patent contains nine claims including three independent claims (claims 1, 6 and 8) and six dependent claims.

13. The priority date of the '603 Patent is at least as early as September 3, 2011. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

14. Plaintiff alleges infringement on the part of Belkin of the '603 Patent.

15. The '603 Patent teaches systems and methods for transferring power to a receptor mobile device from donor mobile device using wireless power transfer mechanisms on the donor and receptor mobile devices, and converting received power at the receptor mobile device into electrical current using the wireless power transfer mechanism at the receptor mobile device. *See* '603 Patent, Col. 1, lines 35-63.

16. The '603 Patent was examined by Primary United States Patent Jared Fureman. During the examination of the '603 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: G06F 1/266; H02J 5/005; H02J 17/00; and H02J 7/025.

17. After conducting a search for prior art during the examination of the '603 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: US 2004/0213463; US 2009/0108679; and US 2013/0026981.

18. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '603 Patent to issue. In so doing, it is presumed that Examiner Fureman used his

knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Fureman had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '603 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '603 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Fureman.

19. The claims of the '603 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

20. The nominal expiration date for the claims of the '603 Patent is no earlier

than May 15, 2032.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,448,603)

21. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 20, the same as if set forth herein.

22. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

23. Belkin has knowledge of its infringement of the '603 Patent, at least as of the service of the present complaint.

24. The '603 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

25. Upon information and belief, Belkin has infringed and continues to infringe one or more claims, including at least Claim 1, of the '603 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) products including, but not limited to, wireless charging power banks such as BoostCharge and BoostCharge Pro ("Products"), which infringe at least Claim 1 of the '603 Patent. Belkin has infringed and continues to infringe the '603 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

26. Specifically, and as an example, Belkin's manufacture and sale of the Products directly infringes method Claim 1 of the '603 Patent, as shown in Exhibit B.

For example, the step of "configuring a donor wireless power transfer mechanism on the donor mobile device using a wireless transmit application" in Claim 1 ("Element 1.1") is performed by Belkin by configuring the BoostCharge Pro with firmware that configures the magnetic power bank for the wireless charging. *See* Exhibit B, pp. 5-6.

27. The step of "configuring a receptor wireless power transfer mechanism on the receptor mobile device using a wireless receive application" in Claim 1 ("Element 1.2") is performed by Belkin by configuring the Pixel Buds with a wireless receive application in its firmware such the Pixel Buds can be charged by the Pixel 8 smartphone when the Pixel Buds are placed on the back of the Pixel 8 smartphone. *See* Exhibit B, pp. 6-7.

28. The step of "transferring power from donor mobile device to the receptor mobile device using the donor wireless power transfer mechanism and the receptor wireless power" in Claim 1 ("Element 1.3") is performed by Belkin when power is transferred from the Pixel 8 smartphone to the Pixel Buds through Qi wireless power transfer using magnetic induction. *See* Exhibit B, pp. 7-8.

29. The step of "receiving and converting received power into electric current using the receptor wireless power transfer mechanism" in Claim 1 ("Element 1.4") is performed by Belkin when their Pixel 8 smartphone transfers power to the Pixel Buds using magnetic induction. *See* Exhibit B, pp. 8-10.

30. The limitation "wherein the donor wireless power transfer mechanism includes a primary coil and donor circuit elements and the receptor wireless power

7

transfer mechanism includes a secondary coil, receptor circuit elements and a capacitor such that the donor circuit elements provide electric current to the primary coil producing a magnetic field that generates an electric current in the secondary coil and the receptor circuit elements thereby transferring power from donor mobile device to the receptor mobile device, the capacitor storing electric charge that increases battery life when the capacitor is discharged" in Claim 1 ("Element 1.5") by manufacturing the Pixel 8 smartphone and the Pixel Buds with the claimed hardware. For example, when charging begins, the power transmitter in the Pixel 8 smartphone runs an alternating electrical current through its coil ("primary coil"), which generates an alternating magnetic field. This magnetic field is, in turn, picked up by the coil ("secondary coil") inside the power receiver in the Pixel Buds and transformed by a power converter back into a direct electrical current that can be used to charge the battery in the Pixel Buds. Further, the power receiver circuitry in Pixel Buds comprises a secondary coil and a capacitor such that the battery gets charged. Further, the power receiver in the Pixel Buds sends a signal to the power transmitter in the Pixel 8 phone when wireless power is not required. It would be apparent to a person having ordinary skill in the art that the capacitor in the Pixel Buds circuitry is used for storing an electric charge which further increases the battery life. *See* Exhibit B, pp. 11-14.

31. To the extent that it is determined that the steps in Elements 1.3 and 1.4 are not performed by Belkin (which EETT asserts they are) but are rather performed by an end user, EETT asserts that Belkin still directly infringes at least Claims 1-4 and 8

of the '603 Patent. The Federal Circuit has held that there are circumstances in which others' acts may be attributed to an accused infringer to support direct infringement liability for divided infringement. *See Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1381 (Fed. Cir. 2017).

32. Specifically, the Federal Circuit held that if a third party, hoping to obtain access to certain benefits, can only do so if it performs certain steps identified by the accused infringer, and does so under the terms prescribed by the accused infringer, then this can result in direct infringer liability for divide infringement. *Id.* at 1380. Belkin distributes product literature and website materials instructing end users and others as to how to use its products in the customary and intended manner that satisfies Elements 1.3 and 1.4. *See* Exhibit B (extensively referencing these materials to demonstrate how they direct end users to use its products in an infringing manner). End users must perform these steps in order to obtain the benefits of wireless power transfer between devices.

33. Belkin also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claims 1-4 and 8, of the '603 Patent, by having its employees internally test and use these exemplary Products. For example, on information and belief, Belkin must manufacture and internally test the power transfer functionality between its Pixel smartphones and its Pixel Buds prior to offering these products to the general public.

34. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

35. Despite such actual knowledge, Belkin continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe one or more claims, including at least Claims 1-4 and 8, of the '603 Patent.

36. On information and belief, Belkin has also continued to sell the exemplary Products and distribute product literature and website materials *inducing* end users and others to use its products in the customary and intended manner that infringes one or more claims, including at least Claims 1-4 and 8, of the '603 Patent. *See* Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

37. At least since being served by this Complaint and corresponding claim chart, Belkin has actively, knowingly, and intentionally continued to *induce* infringement of the '603 Patent, literally or by the doctrine of equivalents, by selling exemplary Products to their customers for use in a manner that infringes one or more claims, including at least Claims 1-4 and 8, of the '603 Patent.

38. Plaintiff incorporates by reference in its allegations herein the claim chart of Exhibit B.

39. Plaintiff is entitled to recover damages adequate to compensate for Belkin's infringement.

40. Belkin's actions complained of herein will continue unless Belkin is

enjoined by this court.

41.   Belkin's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Belkin is enjoined and restrained by this Court.

42.   Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

43.   Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)   Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)   Enter an Order enjoining Belkin, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Belkin who receives notice of the order from further infringement of United States Patent No. 9,448,603 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c)   Award Plaintiff damages resulting from Belkin's infringement in accordance with 35 U.S.C. § 284;

(d)   Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)   Award Plaintiff such further relief to which the Court finds Plaintiff

entitled under law or equity.

Dated: December 18, 2024             Respectfully served,
                                     GARTEISER HONEA, PLLC

                                     */s/ Randall Garteiser*
                                     Randall Garteiser
                                     CA State Bar No. 231821
                                     rgarteiser@ghiplaw.com
                                     Christopher A. Honea
                                     CA State Bar No. 232473
                                     chonea@ghiplaw.com
                                     **GARTEISER HONEA, PLLC**
                                     119 W. Ferguson Street
                                     Tyler, Texas 75702
                                     Telephone: (903) 705-7420

                                     **Attorneys for Plaintiff**